# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOMEKA M. DANIELS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-237-LPS |
| (DHSS) DELAWARE PSYCHIATRIC CENTER, et al., | : |
| Defendants. | : |

Tomeka M. Daniels, Wilmington, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Delaware Department of Health and Social Services, Greg Valentine, Susan Holloway, and Tara Scarborough.

Herbert Weiswasser Mondros, Esquire, Margolis Edelstein, Wilmington, Delaware. Counsel for Defendant Valerie Deveraux.

**MEMORANDUM OPINION**

September 26, 2016
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

I.  INTRODUCTION

Plaintiff Tomeka M. Daniels ("Plaintiff") filed this action pursuant to 42 U.S.C. § 2000e-5, alleging employment discrimination. (D.I. 2) She proceeds *pro se* and was granted leave to proceed *in forma pauperis*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Defendants' motions to dismiss and Plaintiff's request for default. (D.I. 8, 25, 35)[1]

II. BACKGROUND

Plaintiff's EEOC charge of discrimination, dated January 6, 2014, alleges discrimination based upon race. (*See* D.I. 8 Ex.) It states that Plaintiff submitted the charge of discrimination to the Delaware Department of Labor on December 13, 2013. The adverse employment actions complained of are harassment, reassignment, and discipline. The charge asserts that in retaliation for a complaint Plaintiff filed against Deveraux (who is white) and because Plaintiff suffered a work-related injury, she was harassed and ridiculed and treated in a hostile and intimidating manner by Deveraux on several occasions from October 21, 2013 to December 12, 2013. The charge further asserts that after Plaintiff's physician released her to return to work to full duty on November 18, 2013, the State of Delaware/DHSS/DPC instructed her to attend new orientation classes and reassigned her to the mail room to shred documents in unsafe and unhealthy conditions.

Plaintiff commenced this action on March 13, 2015, following receipt of a notice of suit rights dated December 15, 2014. (D.I. 2) She alleges discriminatory conduct by reason of race from December 4, 2013 to the filing of the complaint, including termination of her employment in March 2014. She also alleges slander, harassment, emotional distress, and retaliation. The named

---

[1] Plaintiff has also filed a motion for an extension of time to file a legible copy of her response to a motion to dismiss. (D.I. 42) Plaintiff has filed a legible copy and, therefore, the Court will deny the motion as moot.

1

Defendants include Greg Valentine ("Valentine"), Valerie Deveraux ("Deveraux"), Susan Holloway ("Holloway"), and Tara Scarborough ("Scarborough"). Although not listed in the "Parties in this Complaint," the Delaware Department of Health and Social Services's Delaware Psychiatric Center ("DPC") is named as a Defendant in the caption of the complaint. Plaintiff was employed by the DPC for 17 years.

Count 1 alleges slander when Plaintiff was wrongfully terminated and accused of gross misconduct, falsifying documentation, and attempting to fraudulently collect workers' compensation benefits. The complaint alleges that the matter was taken to arbitration, and Plaintiff was successful and cleared of all charges.

Count 2 alleges discrimination because Plaintiff (who is black) was treated differently from white employees with regard to disciplinary actions (for example, they are still employed). Count 2 also alleges that Deveraux telephoned Plaintiff at her home on October 21, 2013 and verbally harassed and "somewhat assaulted" Plaintiff on December 12, 2013.[2]

Count 3 alleges retaliation occurred after Plaintiff reported the October 21, 2013 incident, when on December 4, 2013 a meeting was held with labor relations, attended by union representative Faith Morris ("Morris"), Scarborough, and Bill Warton ("Warton"); and the next day Plaintiff was placed in a room with deplorable conditions, under which she then worked for thirty days.[3] The complaint alleges that Plaintiff filed a charge of discrimination on January 6, 2014, and received a recommendation of dismissal on January 16, 2014, as a result of an incident that took place on June 18, 2013.[4] Plaintiff alleges the issue should have been addressed sooner. Around

---

[2]The complaint contains a December 12, 2014 date; however, other documents submitted by Plaintiff indicate that the date is actually December 12, 2013.

[3]Defendants describe the room as the mailroom.

[4]The incident is not described.

2

January 23, 2014, Plaintiff's supervisor telephoned and told Plaintiff that she had been directed by Valentine to tell Plaintiff to stop contacting Legislative Hall. Plaintiff alleges that the DPC administrative staff should not have contacted her because of the pending January 6, 2014 charges.

Plaintiff alleges that, as a result of Defendants' actions, she suffers from post traumatic stress disorder and major depressive disorder. Plaintiff seeks compensatory damages and requests appointment of counsel.[5]

## III.  MOTIONS TO DISMISS

Delaware Department of Health and Social Services ("DHSS"), Valentine, Holloway, and Scarborough ("State Defendants")[6] move for dismissal on the grounds that: (1) the State claims against DHSS, and Valentine, Holloway, and Scarborough in their official capacities, are barred by sovereign immunity and the Eleventh Amendment; (2) the complaint fails to state a claim of slander under Delaware law; (3) the complaint fails to state Title VII retaliation and discrimination claims; (4) the complaint was not timely filed per Fed. R. Civ. P. 4(m)[7]; and (5) Scarborough should be dismissed as a Defendant as no facts are alleged against her. Deveraux moves for dismissal on the grounds that: (1) the complaint fails to state a defamation claim under Delaware law; (2) the complaint fails to state a Title VII retaliation and discrimination claims; and (3) the complaint fails to state a clam for infliction of emotional distress under Delaware law.

---

[5]To the extent that Plaintiff requests counsel, the Court will address the issue upon the filing of an appropriate motion.

[6]The State Defendants' motion to dismiss indicates that Deveraux is an employee of an independent DHSS contractor.

[7]The Court will deny that portion of the motion to dismiss based upon untimely service given that Plaintiff must rely upon the United States Marshals Service to effect service. *See* Fed. R. Civ. P. 4(c)(3).

3

### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

4

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

B.  **Slander**

1.  **Immunity from Suit**

The State Defendants, including the individual Defendants acting in their official capacities, assert that they have immunity from Plaintiff's slander claim under Delaware law. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *see also Rodriguez v. Stevenson*, 243 F.Supp.2d 58, 63 (D. Del. 2002) (state immunity extends to DFS and its officials acting in official capacities).

State Defendants have not consented to this suit. *See Smith v. Delaware*, 745 F. Supp. 2d 467, 479 (D. Del. 2010) (Delaware General Assembly has not waived sovereign immunity for purposes of State tort claims asserted by Plaintiffs). The DHSS/DPC as an agency of the State of Delaware and its employees acting in their official capacities have immunity from suit under the Eleventh Amendment. Therefore, the Court will grant this portion of State Defendants' motion to dismiss.

### 2. Failure to State a Claim

All Defendants move to dismiss the slander claim for failure to state a claim upon which relief may be granted. The complaint alleges that Plaintiff was accused of gross misconduct, falsifying documents, and attempting to fraudulently collect workers' compensation benefits.

A statement is defamatory "if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Spence v. Funk*, 396 A.2d 967 (Del. 1978) (quoting Restatement (First) of Torts § 559 (1938)). To succeed on a claim for defamation,[8] a plaintiff must show: "(1) the defamatory character of the communication; (2) publication; (3) that the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury." *Holmes v. The News Journal Co.*, 2015 WL 1893150, at *2 (Del. Super. 2015).

The complaint fails to alleged the elements of a slander claim. In addition, there are no allegations of what was said, who made the alleged slanderous statements, or when the alleged statements were made. Quite simply, as pled, Plaintiff has failed to state a claim upon which relief may be granted as to the slander claim. Therefore, the Court will grant Defendants' motions to dismiss the slander claim. Plaintiff will be given leave to amend the slander claim only to the extent that Defendants are not immune from suit.

### C. Title VII

#### 1. Individual Employees

To the extent Plaintiff seeks to raise claims against individual employees of the DHSS, the PSC, or an employee of an independent contractor, Title VII does not recognize individual employee liability. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir.

---

[8]"[D]efamation consists of the 'twin torts' of libel and slander. . . . In shortest terms, libel is written defamation and slander is oral defamation . . . ." *Spence*, 396 A.2d at 969.

6

1996) (en banc). Therefore, the Court will grant the motions to dismiss all Title VII claims, including retaliation and race discrimination, raised against individual Defendants Valentine, Deveraux, Holloway, and Scarborough.

## 2. Retaliation

Defendants move for dismissal of the retaliation claim for failure to state a claim upon which relief may be granted. The Court addresses the issue only as to DHSS, given the rulings announced above.

Title VII prohibits employers from retaliating against "any individual . . . because [s]he has opposed any . . . unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a). To establish a prima facie claim of unlawful retaliation, Plaintiff is required to show that: (1) she engaged in a protected activity; (2) Defendant took an adverse action against her; and (3) there was a causal connection between the protected activity and the adverse action taken.[9] *See Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006). Plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). The Court examines the challenged conduct "from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 71 (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)).

DHSS argues that the complaint fails to state a Title VII retaliation claim because it does not sufficiently plead that Plaintiff engaged in protected activity under Title VII. The complaint alleges that after Plaintiff reported the October 21, 2013 incident wherein Deveraux was allegedly verbally

---

[9]*See Sherrod v. Philadelphia Gas Works*, 57 F. App'x 60, 73 (3d Cir. Jan. 14, 2003) (describing adverse employment action).

7

abusive and harassing, a meeting was held on December 4, 2013. The next day, Plaintiff was placed in a room she described as having deplorable conditions. She also complained of verbal harassment and that she was "somewhat assaulted" by Deveraux on December 12, 2013. Plaintiff filed a charge of discrimination with the Delaware Department of Labor on December 13, 2013.

As alleged, Plaintiff did not take any protected activity until December 13, 2013, yet she complains of retaliation that occurred prior to that time – attending a meeting, reassignment, and verbal harassment by Deveraux. Subsequent to filing the complaint, Plaintiff submitted exhibits in further support of her complaint, one of which is a statement dated December 3, 2013 complaining of Deveraux's actions on October 21, 2013. However, the statement is not directed to anyone and does not complain of protected activity. *See Simmons v. Shalala*, 946 F. Supp. 415, 420 (D. Md. 1996) (protected activity is one in which employee opposes employment practice on ground it violates Title VII). Instead, her complaint addressed the issue of paperwork due to Plaintiff's work related injury. Plaintiff filed a December 13, 2013 DDOL charge of discrimination and a January 6, 2014 EEOC charge of discrimination, neither of which were filed prior to the retaliation of which she complains.

Because the complaint fails to contain allegations that Plaintiff engaged in protected activity that gave rise to alleged unlawful action against her, the Court will grant the motion to dismiss the retaliation claim.[10]

### 3. Discrimination

Similar to the retaliation claim, all Defendants move for dismissal of the Title VII discrimination claim. Again, the Court addresses the issue only as to DHSS, given that the Title VII

---

[10]The complaint, but not the charge of discrimination, also alleges that Plaintiff filed discrimination charges against DPC on January 6, 2014 and received a recommendation of dismissal on January 16, 2014. The issue is addressed below.

8

claim may not lie against the individual defendants. DHSS moves for dismissal of the discrimination claim on the grounds that it fails to state a claim upon which relief may be granted and, to the extent Plaintiff alleges her employment was terminated by reason of race, the claim is barred for failure to exhaust the EEOC administrative remedies. DHSS takes the position that its motion is unopposed or, in the alternative, the Court should dismiss the matter for Plaintiff's lack of action pursuant to Fed. R. Civ. P. 41 and D. Del. LR 41.1. Plaintiff proceeds *pro se*, and the Court notes that she filed numerous exhibits in support of her complaint less than a month after the DHSS filed its motion to dismiss. (*See* D.I. 9, 10, 11, 12) The Court considers those filings as responsive to the motion filed by DHSS.

### a. Stating a Claim

In order to state a prima facie case of Title VII discrimination based upon race, Plaintiff must set forth sufficient factual allegations for this Court to infer: (1) she is a member of a protected class; (2) she suffered some form of adverse employment action; and (3) nonmembers of the protected class were differently treated. *See, e.g., Roebuck v. Drexel Univ.*, 852 F.2d 715, 726 (3d Cir. 1988).

Liberally construing the complaint as the Court must, it contains sufficient allegations to state a claim of race discrimination. Plaintiff, who is black, alleges that disciplinary actions were taken against her, unlike what occurred with respect to white employees. She also alleges that she was harassed by Deveraux, who is white. Accordingly, the Court will not grant the motion to dismiss the race discrimination as to DHSS based on failure to state a claim.

### b. Administrative Remedies

As a prerequisite to filing a lawsuit in federal court for race discrimination, a plaintiff is required to exhaust administrative remedies with the EEOC or an equivalent state or local agency. *See Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) ("[T]he causes of action created by Title

9

VII do not arise simply by virtue of the events of discrimination which that title prohibits. A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution." (internal quotation marks omitted)); *see also Joyner v. School Dist. of Phila.*, 313 F. Supp. 2d 495, 500 (E.D. Pa. 2004) ("It is well settled that as a pre-condition to filing suit under Title VII, a plaintiff must first file charges with the EEOC within 180 days of the alleged discriminatory act." (internal quotation marks omitted)).

The charge of discrimination alleges harassment, reassignment, and discipline by reason of race discrimination. The complaint alleges that Plaintiff filed a charge with the EEOC on January 6, 2014, and received a recommendation of dismissal on January 16, 2014. Plaintiff's EEOC charge makes no mention of the termination of employment. Nor does it appear that Plaintiff amended the EEOC charge or filed a new charge raising the termination of employment claim. Because the claim was not brought to the attention of the EEOC, it did not fall within the scope of its investigation. *See, e.g., Antol v. Perry*, 82 F.3d 1291, 1295–96 (3d Cir. 1996); *Webb v. City of Philadelphia*, 562 F.3d 256, 262-63 (3d Cir. 2009).

Plaintiff's failure to exhaust her administrative remedies as to the claim of race discrimination resulting in termination of her employment is fatal to the claim. Therefore, the Court will grant Defendants' motion to dismiss the claim for failure to exhaust administrative remedies.

D. **Infliction of Emotional Distress under Delaware law**

Deveraux moves to dismiss Plaintiff's emotional distress claim on the ground that it fails to state a claim upon which relief may be granted. The emotional distress claim does not indicate if it is pled as intentional infliction of emotional distress or negligent infliction of emotional distress. Nor is it not directed toward any Defendant. Plaintiff's bare allegations fail to state an emotional distress claim. *See, e.g., Rhinehardt v. Bright*, 2006 WL 2220972, at *4 (Del. Super. July 20, 2006)

(intentional infliction of emotional distress requires that one intentionally or recklessly causes severe emotional distress to another by conduct that reasonable person would consider extreme or outrageous); *Doe v. Green*, 2008 WL 282319, at *1 (Del. Super. Jan. 30, 2008) (to prevail on claim of negligent infliction of emotional distress, plaintiff must prove: (1) negligence causing fright to someone; (2) in zone of danger; that (3) produces physical consequences to that person as a result of contemporaneous shock).

Therefore, the Court will grant Deveraux's motion to dismiss the emotional distress claim. Plaintiff will be given leave to amend the claim only to the extent that Defendants are not immune from suit.

## IV. REQUEST FOR DEFAULT

Plaintiff filed a letter/motion that appears to seek entry of default. (D.I. 35) The request will be denied. *See* Fed. R. Civ. P. 55(a), (b) (party seeking to obtain default judgment must first request that clerk of court "enter . . . the default" of party that has not answered pleading or "otherwise defend[ed]," within time required by rules or as extended by court order). The parties filed motions to dismiss this case. Entry of default is not appropriate.

## V. CONCLUSION

For the above reasons, the Court will: (1) grant in part and deny in part the motion to dismiss filed by DHSS (D.I. 8); (2) grant the motion to dismiss filed by Deveraux (D.I. 25); (3) deny Plaintiff's request for entry of default (D.I. 35); (4) deny as moot Plaintiff's motion for an extension of time (D.I. 42); and (5) give Plaintiff leave to amend the slander and emotional distress claims.

An appropriate Order will be entered.