IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOMEKA M. DANIELS, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 15-237-LPS |
| (DHSS) DELAWARE PSYCHIATRIC CENTER, et al., | : | |
| Defendants. | : | |

Tomeka M. Daniels, Wilmington, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Delaware Department of Health and Social Services, Greg Valentine, Susan Holloway, and Tara Scarborough.

Herbert Weiswasser Mondros, Esquire, Margolis Edelstein, Wilmington, Delaware. Counsel for Defendant Valerie Deveraux.

**MEMORANDUM OPINION**

August 11, 2017
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

I.  **INTRODUCTION**

Plaintiff Tomeka M. Daniels ("Plaintiff") filed this action pursuant to 42 U.S.C. § 2000e-5, alleging employment discrimination. (D.I. 2) She proceeds *pro se* and was granted leave to proceed *in forma pauperis*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Defendants' motions to dismiss the amended complaint and Plaintiff's opposition thereto. (D.I. 49, 50)

II. **BACKGROUND**

Plaintiff commenced this employment discrimination action on March 13, 2015, following receipt of a notice of suit rights dated December 15, 2014. (D.I. 2) Defendants moved to dismiss (D.I. 8, 25) and, on September 26, 2016, the Court granted in part and denied in part State Defendants'[1] motion to dismiss (D.I. 8) and granted Defendant Valerie Deveraux's motion to dismiss (D.I. 25). The ruling resulted in dismissal of the following: Title VII retaliation claim; Title VII claims against the individual defendants; Title VII employment termination claim; and claims raised under Delaware law. Plaintiff was given leave to amend her slander and emotional distress claims to the extent that Defendants were not immune from suit. The order provided that (should Plaintiff fail to amend the complaint) the case would proceed on the remaining Title VII race discrimination claim against the DHSS to the extent the claim is raised both in the charge of discrimination and Plaintiff's complaint. (D.I. 44, 45) Plaintiff was given until on or before October 24, 2016 to file the amended complaint.

---

[1] The State Defendants are Delaware Department of Health and Social Services/Delaware Psychiatric Center ("DHSS"), Greg Valentine ("Valentine"), Susan Holloway ("Holloway"), and Tara Scarborough.

1

On November 2, 2016, Plaintiff filed a one-page document with exhibits attached to it that, it appears, Plaintiff presents as the amended complaint. (D.I. 47) The documents include the definition of slander, a March 11, 2014 letter to Plaintiff from Valentine, a January 15, 2015 arbitration decision providing for Plaintiff's reinstatement to her former position, and numerous medical records. (D.I. 47, 48)

State Defendants move for dismissal pursuant to Fed. R. Civ. P. 8 and 12(b)(b). (D.I. 49) Deveraux joins the motion. (D.I. 50) All Defendants contend that dismissal is appropriate for reasons including that it is not clear if Plaintiff intends to proceed with a State law claim against a defendant who is not otherwise immune from suit, it appears the slander claim (to the extent it is pled) is based upon statements made during arbitration, it is not clear if Plaintiff attempts to amend the surviving Title VII race discrimination claim, and it is not clear if Plaintiff pursues claims against individual defendants. (*See* D.I. 49, 50) Plaintiff responds that she has provided "DHSS responses to both slander and emotional distress," and asks the Court to deny the motions. (D.I. 51)

### III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and

2

viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). In addition, a well-pleaded complaint must contain more than mere labels and conclusions. *See Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. 544. A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV. DISCUSSION

The amended complaint is deficiently pled such that no defendant can prepare an adequate response to it. It does not meet the pleading requirements to state claims for slander or emotional distress.

As discussed in the Court's September 26, 2016 memorandum, a statement is defamatory "if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Spence v. Funk*, 396 A.2d 967 (Del. 1978) (quoting Restatement (First) of Torts § 559 (1938)). To succeed in a claim for defamation,[2] a plaintiff must show: "(1) the defamatory character of the communication; (2) publication; (3) that the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury." *Holmes v. The News Journal Co.*, 2015 WL 1893150, at *2 (Del. Super. Apr. 20, 2015).

Similar to the original complaint, the amended complaint fails to allege the elements of a slander claim. Despite the exhibits Plaintiff filed, there are no allegations of what was said, who made the alleged slanderous statements, or when the alleged statements were made. Nor are there any allegations directed to a particular Defendant. As pled, Plaintiff has failed to state a claim upon which relief may be granted as to the slander claim.

Nor does the amended complaint state a claim for emotional distress. *See, e.g., Rhinehardt v. Bright*, 2006 WL 2220972, at *4 (Del. Super. July 20, 2006) (intentional infliction of emotional distress requires that one intentionally or recklessly cause severe emotional distress to another by conduct that reasonable person would consider extreme or outrageous); *Doe v. Green*, 2008 WL

---

[2] "[D]efamation consists of the 'twin torts' of libel and slander. . . . In shortest terms, libel is written defamation and slander is oral defamation . . . ." *Spence*, 396 A.2d at 969.

4

282319, at *1 (Del. Super. Jan. 30, 2008) (to prevail on claim of negligent infliction of emotional distress, plaintiff must prove: (1) negligence causing fright to someone; (2) in zone of danger; that (3) produces physical consequences to that person as result of contemporaneous shock).

Most notably, the claim (to the extent Plaintiff intended to raise it) is not directed towards any Defendants. Also, like the original complaint, the amended complaint fails to allege the elements of emotional distress. As pled, Plaintiff has failed to state a claim upon which relief may be granted as to the emotional distress claim.

Accordingly, the Court will grant Defendants' motion to dismiss the amended complaint. Plaintiff was provided an opportunity to amend to cure her pleading defects, yet she failed to do so. Because Plaintiff made no attempt to remedy the pleading defects in her complaint, despite notice and her familiarity with the pleading requirements, granting her an opportunity to again amend the slander and emotional distress claims would be futile. *See Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) and *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motions to dismiss (D.I. 49, 50); (2) dismiss as defendants Greg Valentine, Valerie Deveraux, Susan Holloway, and Tara Scarborough; and (3) enter a scheduling and discovery order. The Court finds amendment futile as to the slander and emotional distress claims. The case will proceed on the Title VII race discrimination claim against the Delaware Department of Health and Social Services/Delaware Psychiatric Center to the extent the claim is raised both in the charge of discrimination and Plaintiff's original complaint (*see* D.I. 2; D.I. 8 at 13).

An appropriate Order will be entered.